Kivett *v.* Redmond Company.

5-2657                                    355 S. W. 2d 172

Opinion delivered March 19, 1962.

*Mehaffy, Smith & Williams,* by *Robert V. Light,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

George Rose Smith, J. This is a disability claim under the workmen's compensation law. On March 26, 1956, the appellant, while working at the appellee's plant at Jacksonville, lost her footing and sat down hard on the concrete floor. The fall undoubtedly caused an injury to the claimant's coccyx, for which she has been compensated. More than two and a half years after the accident she filed the present claim, on the theory that the fall also resulted in a disabling injury to her lower back. The commission denied the claim, finding that Mrs. Kivett's back weakness was not attributable to her fall. We have concluded that there is ample evidence of a substantial nature to support the commission's decision, which was affirmed by the circuit court.

On the day of her accident Mrs. Kivett was treated by Dr. Crow, who found her to be "quite tender at coccyx." The claimant continued to work at her job and during the next two months received heat treatments at Dr. Crow's office and at the appellee's first aid station. On May 31, 1956, Dr. Crow discharged his patient as

having been cured, with no permanent disability. Mrs. Kivett testified that she was then suffering, and has continued to suffer, back pain that she attributes to the fall. Dr. Crow was not called as a witness, but there is nothing in his reports to suggest any injury except that to the coccyx. The Commission may well have believed that the doctor would not have discharged Mrs. Kivett if she was actually undergoing extreme pain at the time.

During the next year the appellant remained at work. She states that she often complained to her fellow employees about the pain in her back, but no witness was called to corroborate this statement. To the contrary, during that particular year Mrs. Kivett admittedly went to the first aid station a total of twenty-nine times for a variety of ailments, including such minor matters as a cold, a headache, a poison ivy rash, and a splinter in her thumb. Yet the first aid records do not contain a single reference to back pain of any kind. The commission was warranted in thinking it did not exist.

In June of 1957, almost fifteen months after her fall, Mrs. Kivett ceased work to have a gall bladder operation, not connected with her employment. Upon recovering from that surgery she did not return to work. In December of that year she went back to Dr. Crow, who recorded that she complained of soreness in the coccyx. The two bones constituting the coccyx were removed by surgery in January. Dr. Crow, two months later, again discharged his patient as cured, with a finding of no disability. Again there is no reference whatever to any back trouble. Counsel for the claimant insist that their client, a woman of limited education, might not have been able to distinguish between pain in the region of her coccyx, or tailbone, and pain in her lower back, a few inches away. It was Dr. Crow's duty, however, to discover and treat his patient's malady; so his finding of soreness in the coccyx excludes by implication any belief on his part that there was also pain in the lower back.

After this claim was filed in October of 1958 Mrs. Kivett was sent to Dr. Jones, an orthopedic specialist. In his first report Dr. Jones was unable to say that the patient had experienced significant pain in her lower back before January of 1958. Later on, in response to an inquiry from Mrs. Kivett's attorney, Dr. Jones wrote that "I am of the opinion that based on the patient's history it must be accepted that the injury in question is related to the patient's low back discomfort." This single sentence is really the only substantial evidence tending to corroborate the claimant's own testimony. But Dr. Jones's opinion was "based on the patient's history," and the commission, by italicizing that phrase, indicated its belief that this medical opinion was entitled to no greater weight than the history that the physician had elicited from his patient.

The question is ultimately a simple one of credibility, a matter lying within the exclusive province of the commission. *Pearson* v. *Faulkner Radio Service Co.*, 220 Ark. 368, 247 S. W. 2d 964. The full commission noted in its written opinion that the single member who heard the testimony had the opportunity to observe Mrs. Kivett's demeanor and to weigh her testimony. This remark is pertinent only to the vital issue of whether the claimant's testimony was worthy of belief. That testimony is not corroborated by other workers at the appellee's plant. It is impliedly contradicted by every written medical record that was made during the two and a half years preceding the assertion of this claim. Unless Dr. Jones's single sentence can be so construed, there is in the record no medical opinion purporting to say that a fall such as Mrs. Kivett experienced in 1956 would tend to cause pains in her lower back then or later on. In a case of this kind it is not for us to say that the commission was required to accept the claimant's testimony and on that basis to make an award of compensation. We are bound by the commission's findings upon the disputed question of fact.

Affirmed.

JOHNSON, J., dissents.