BUNTING *v.* SCOTT COUNTY MILLING Co.

5-3576                                                389 S. W. 2d 896

Opinion delivered May 10, 1965.

*Donald Poe,* for appellant.

*Daily & Woods,* for appellee.

GEORGE ROSE SMITH, J. This is a workmen's compensation case in which the claimant, Thomas William Bunting, seeks to recover compensation for permanent partial

disability. The Commission's denial of the claim was affirmed by the circuit court. The only question here is whether the Commission's decision is supported by substantial evidence.

The appellee-employer operates a feed mill. On May 29, 1962, Bunting suffered a severe compensable injury to his back when a stack of heavy feed sacks fell on him. Two vertebrae were fractured, but on July 9 Dr. Jenkins found that Bunting would be able to return to work on July 14, with no permanent injury.

Bunting did return to work and, at his request, was given light duties that involved no heavy lifting. On December 22, however, he tried to lift some sacks of feed and again hurt his back. He was away from his job, either in a hospital or at home, for several weeks. On January 19, 1963, Dr. Kirkpatrick examined Bunting and made a report that concluded with this paragraph: "In my opinion, this man has a healed fracture of the transverse process of the third lumbar vertebra. I see no indication of any further injury or disease state in the low back. I do not think he is disabled." Eight days after this examination Bunting went back to his job and continued to work until April 20 when, according to the employer's testimony, he was discharged for cause. At the first hearing in the case, held on July 9, 1963, the claimant testified that he was disabled and had been unable to do anything more than light part-time work after his second injury on December 22.

It was the unanimous opinion of the Commission that the claimant's proof failed to establish, by a preponderance of the evidence, any permanent partial disability. In reaching this conclusion the Commission pointed out that "none of the doctors who saw claimant for his injuries have stated he has any permanent partial disability attributable to such injuries." This statement is accurate; there is no medical testimony to support the claim. To the contrary, Dr. Kirkpatrick was positive in saying that "I do not think [Bunting] is disabled." The issue is entirely one of fact. With the testimony in conflict we are bound

by the Commission's decision. *Kivett* v. *Redmond Co.*, 234 Ark. 855, 355 S.W. 2d 172 (1962).

Affirmed.