BALE CHEVROLET CO. ET AL *v.* LOUIE ARMSTRONG

5-4075                                                409 S.W. 2d 328

Opinion delivered December 19, 1966

*Barber, Henry, Thurman, McCaskill & Amsler,* for appellants.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

GEORGE ROSE SMITH, Justice. This is another in a series of recent workmen's compensation cases involving heart attacks. Here the commission's award of compensation was approved by the circuit court. The principal question on appeal is whether there is any substantial evidence to support the commission's finding that the connection between the claimant's work and his heart attack was causal rather than casual.

Armstrong was a used-car salesman. While he was at work on July 29, 1964, he suffered a heart attack.

After a period of hospitalization and bed rest he was able, by late November, to resume work for a few hours a day. Though remaining under a doctor's care Armstrong continued to increase his workday until his employer discharged him on January 14, for asserted misconduct. The next day his doctor found, during a regularly scheduled visit, that Armstrong's condition was decidedly worse. Total disability unquestionably existed when the case was heard a few months later by the referee.

Both of the doctors who actually treated Armstrong were of the opinion that his work contributed to the heart attack. Their case histories showed that for two days before the attack occurred Armstrong had suffered chest pains which they considered to be indicative of the onset of the attack. It was their conclusion that his continuing at work during those two days contributed to the myocardial infarction that occurred. The appellants' medical witnesses, who did not treat the patient, were of the opposite opinion.

On the face of it, the testimony of the claimant's attending physicians is substantial proof supporting the award. *Rebsamen West* v. *Bailey*, 239 Ark. 1100, 396 S. W. 2d 822 (1965). The appellants insist, however, that the doctors' opinions rest entirely upon the case history of earlier chest pains and that the accuracy of that case history (obtained, of course, from the patient) is completely destroyed by this excerpt from the early part of Armstrong's direct examination:

> "Q. Now, prior to this time [July 29, 1964], had you had any indications of a heart condition? Did you have any change or any symptoms of a heart condition?
>
> "A. If I did, I didn't know it."

The answer to this argument is that we must resolve all doubts in favor of the commission's decision. The commission could fairly have concluded that the

doctors recognized the chest pains to be symptomatic of a heart condition even though Armstrong, in his own words, "didn't know it."

There is one other point in the case. When Armstrong's attack occurred on July 29, 1964, his employer's insurance carrier was United States Fidelity & Guaranty Company. On the following January 1 the employer placed its insurance with another company. The U.S. F. & G., still insisting that the attack of July 29 was not caused by Armstrong's employment, suggests that the claimant's disability should be attributed to the emotional stress of his discharge on January 14, so that the second insurance carrier would be liable. Inasmuch as the commission properly found that the July attack was the cause of disability, this argument is without merit. The original carrier continues to be liable despite the change in coverage. *Moss* v. *El Dorado Drilling Co.*, 237 Ark. 80, 371 S. W. 2d 528 (1963).

Affirmed.

COBB and AMSLER, JJ., not participating.