NATIONWIDE WAREHOUSE MARKET v.
CHARLES WHISENANT

5-5467                                         460 S. W. 2d 90

Opinion delivered December 7, 1970

*R. H. Buddy Hixson,* for appellant.

No brief for appellee.

LYLE BROWN, Justice. Nationwide Warehouse Market appeals from an award to appellee, Charles Whisenant, that award having been fixed by the Workmen's Compensation Commission and affirmed on appeal to the circuit court. Appellant here contends that there is no substantial evidence to establish an accidental injury arising out of and in the course of appellee's employment.

Appellee testified that on May 8, 1968, while employed by appellant, appellee lifted a sack of cabbage weighing approximately fifty pounds; and that he felt a severe pain in his back which bent him double. He related that he reported the incident to the warehouse manager and left work around 11:00 a.m. to go to a doctor. He insisted that he had never previously experienced any back trouble. Appellee's father and brother testified that they saw appellee on the afternoon of May 8 and observed that he had injured his back. The brother said he took appellee to the hospital at Russellville the night of the injury. In a few weeks appellee was referred to Dr. Knight, an orthopedic surgeon at Ft. Smith. Dr. Knight testified that he first saw appellee on June 5; that he received the history of a back injury from lifting a sack of cabbage; and that appellee was suffering from a back ailment usually precipitated by bending and lifting with the knees straight. The doctor said he had no reason to suspect an injury to appellee's back prior to May 8. The medical conclusion was that "his subjective complaints were honest and real and he had some objective findings to substantiate them." Hospitalized treatment was recommended, to be followed by an operation if the response to treatment was not favorable.

Appellee produced no eyewitnesses to corroborate the occurrence; he testified that he was working alone in a back room of the warehouse. There was testimony adduced by appellant to sustain its contentions (1) that appellee had said he injured himself while playing with his children; (2) that appellee attempted to influence some witnesses to testify in his behalf; and (3) that the incident was not reported to the appellant at the time of occurrence. On those conflicting issues it is apparent that the commission accepted appellee's evidence and rejected the evidence which was in conflict therewith. What we said in *Kivett* v. *Redmond Company*, 234 Ark. 855, 355 S. W. 2d 172 (1962), is equally applicable here: "The question is ultimately a simple one of credibility, a matter lying within the exclusive province of the commission. . . . We are bound by the commission's findings upon the disputed question of fact."

Affirmed.