ST. MICHAEL HOSPITAL and ARGONAUT
INSURANCE COMPANY v. Barbara Sue WRIGHT

5-5544                                    465 S. W. 2d 904

Opinion delivered April 26, 1971

*Tackett, Young, Patton & Harrelson;* By: *Nicholas H. Patton,* for appellants.

*John W. Goodson* and *Newman, Smith & Britt;* By: *Norman Smith,* for appellee.

LYLE BROWN, Justice. Appellee filed a claim for workmen's compensation benefits against appellant hospital, her employer, alleging that she had sustained an injury while attempting to move a patient from a stretcher to a bed. The commission found that appellee had sustained a compensable injury to her back. The circuit court affirmed and appellant hospital and its workmen's compensation carrier appeal. The sole question here is whether there is substantial evidence to support the finding of the commission that claimant was injured in the course of her employment.

Appellants first contend that due to the fact that the referee was the only person who had an opportunity to personally hear the testimony of the claimant and the other witnesses, his decision to disallow recovery should somehow be given more consideration than the commission apparently gave it, particularly in the instant case since the commission's order was the result of a two to one vote. Needless to say, there is no basis in any of our decisions for appellants' suggestion, as they recognize by their citation to *Potlatch Forests, Inc.* v. *Smith,* 237 Ark. 468, 374 S. W. 2d 166 (1964). In that case the court quoted from *Moss* v. *El Dorado Drilling Co.,* 237 Ark. 80, 371 S. W. 2d 528 (1963), wherein we said: "We take this occasion to point out that it is the duty of the commission to make a finding according to a preponderance of the evidence, and not whether there is any substantial evidence to support the finding of the referee." After quoting the above rule from the *Moss* case, the court in *Potlatch Forests* said: "Thus, as stated at the outset, we can only concern ourselves with whether the finding of the full commission was supported by any substantial evidence." To the same effect see *Lane Poultry Farms* v. *Wagoner,* 248 Ark. 661, 453 S. W. 2d 43.

The remaining arguments of appellants are that the commission's reasoning in arriving at a conclusion as to disability was improper and that the commission ignored testimony which tended to contradict appellee's testimony. The rule we follow is that if there is substantial evidence to support the commission's decision, we will affirm. Substantial evidence to support the commission is the extent of our inquiry on appeal.

In determining whether there is substantial evidence to support the findings of the commission, we view the evidence in the light most favorable to the action of the commission. *Herman Wilson Lumber Co.* v. *Hughes,* 245 Ark. 168, 431 S. W. 2d 487 (1968). There we said: "The question is not whether the testimony would have supported a finding contrary to the one made, but whether it supports the finding which was made." With that rule in mind we summarize claimant's testimony. She said she sustained an injury to her back while attempting to move a heavy and intoxicated patient from a stretcher to a bed; that at the time she was acting in the course of her employment as head nurse of the intensive care unit of the appellant hospital; that she felt a sharp pain go down her leg; that she immediately took a medication for relaxing muscles; that she tried to work the next night but was unable to do so; and that she was admitted to the emergency room the following day in severe pain, subsequently hospitalized, and later operated upon to remove a herniated disc. According to our decision in *Nationwide Warehouse Market* v. *Whisenant,* 249 Ark. 604, 460 S. W. 2d 90, the foregoing testimony is sufficient to support the commission. In *Whisenant* this court said:

> Appellee produced no eyewitnesses to corroborate the occurrence; he testified that he was working alone in a back room of the warehouse. There was testimony adduced by appellant to sustain its contentions (1) that appellee had said he injured himself while playing with his children; (2) that appellee attempted to influence some witnesses to testify in his behalf; and (3) that the incident was not reported to the appellant at the time of occurrence. On those conflicting issues it is apparent that the

commission accepted appellee's evidence and rejected the evidence which was in conflict therewith. What we said in *Kivett v. Redmond Company*, 234 Ark. 855, 355 S. W. 2d 172 (1962), is equally applicable here: "The question is ultimately a simple one of credibility, a matter lying within the exclusive province of the commission. . . . We are bound by the commission's findings upon the disputed question of fact."

Although we have already found substantial evidence to support the commission, appellee also introduced evidence to corroborate her own testimony. Witness Teresa Gardner testified that she saw appellee reach across the bed and pull the patient and heard appellee say she hurt her back. The testimony which appellants introduced to contradict the testimony of appellee and Teresa Gardner need not be reviewed since our inquiry is whether there is substantial evidence to support the commission, not whether there is substantial evidence to support some other finding. *Hughes, supra*. Further, the *Hughes* decision states: "In order to justify a reversal of the commission's decision, one appealing must show that the proof is so nearly undisputed that fair-minded men could not reach the conclusion arrived at by the commission." Certainly, appellants have not met that requirement.

Affirmed.