OAK LAWN FARMS ET AL *v.* Louis H. PAYNE

5-5763                                         474 S.W. 2d 408

Opinion delivered December 20, 1971

*Riddick Riffel,* for appellants.

*Reinberger, Eilbott, Smith & Staten,* for appellee.

JOHN A. FOGLEMAN, Justice. The circuit court reversed the Workmen's Compensation Commission findings that appellee had not met requirements 2 and 3 of Ark. Stat. Ann. § 81-1313(e) (Repl. 1960) and that his claim of disability on account of a hernia was noncompensable. Since we find substantial evidence to support the commission's findings, we reverse the circuit court judgment.

Appellee was employed as a route salesman for appellant Oak Lawn Farms, Inc. He drove a truck from Pine Bluff to Clarendon delivering poultry products to retail outlets. On May 21, 1970, at about 4:00 p.m. he experienced a twisting type of pain while lifting a box of packed chickens at Stuttgart. Thereafter, he continued his route to Clarendon and returned to Pine Bluff.

Payne testified that when he picked up the 95-pound box of chickens and twisted to drop it to the floor, he experienced pain. His description was:

I had a severe pain, not a severe, but a pain, a soreness pain that I thought that I had strained myself.

Thereafter, he went to Clarendon where he did some unloading and felt a continuation of the pain, "strain, hurt and soreness." He said that at the time he thought he had just strained himself, and the pain did ease up until he again noticed it at Clarendon. He then drove his truck home. While at home, he realized that something was wrong because he experienced soreness and swelling below the beltline on his left-hand side. The next morning he got up and went to work at 6:00 a.m., but did not do any lifting because he picked up a helper who regularly assisted him on that day each week. He returned from his route at about 5:00 p.m. and reported his experience to his supervisor. Payne then went to his physician, Dr. Reid, who advised him that he had a small hernia which might heal in about two weeks if he returned to work. Payne did as the physician advised, but had a helper to load and unload his truck every day, rather than the customary one day per week. After this time, the doctor found surgery necessary. Although appellee's pain had been confined to the left side, the surgeon checked and found that both sides needed repair.

Payne admitted having told a Mr. Stackhouse, a representative of the company, who called upon him to inquire about his claim, that he didn't have any severe pain. He also admitted that it was possible that he told Stackhouse that he didn't have any pain at all.

It is easy to see that the commission could reasonably conclude that there was not severe pain in the hernial region from appellee's own description of it. We cannot say that there was no substantial evidence from which the commission might have found that the pain did not cause appellee to cease work immediately, particularly in view of his physician's directing him to return to work.

Appellee argues vigorously that the commission's findings and construction of the Workmen's Compensation Act penalize those claimants with a high pain threshold, those who are candid and sincere in their testimony, those who are not either a gifted linguist, a professional malingerer, a hypochondriac or a memorizer of statutory words, and those who have a high sense of responsibility to the employer's interests. We agree that appellee is to be commended for his honesty and candor and high sense of responsibility, but the weight to be accorded his testimony and the inferences to be drawn from it were to be considered by the commission and are not for de novo determination by the courts. See *Stout Construction Co. v. Wells*, 214 Ark. 741, 217 S. W. 2d 841; *Wilson v. U.A.W.*, 246 Ark. 1158, 441 S. W. 2d 475; *International Paper Co. v. Tidwell*, 250 Ark. 623 (1971), 465 S. W. 2d 691, to require more strict com-248 Ark. 661, 453 S. W. 2d 43; *J. L. Williams & Sons v. Smith*, 205 Ark. 604, 170 S. W. 2d 82.

Appellee also makes an impassioned plea that we reverse what he perceives as a trend in our decisions in *Harkleroad v. Cotter*, 248 Ark. 810, 454 S. W. 2d 76, and *Lashlee Steel Company v. Dodridge*, 250 Ark. 520 (1971), 465 S. W. 2d 691, to require more strict compliance by a claimant with the five statutory requirements than we have in the past. We do not so interpret these decisions. We take them to be a direct recognition of a policy determination first made by the people in the adoption of the act and respected by the legislative branch of the government in not changing this section. This determination was that, because of the uncertainty inherent in determining which of the many possible causes may have actually produced a hernia, only those which

occurred dramatically should be compensable so that there will be little doubt that they are within the course of the employment and are the *immediate* result of a sudden effort, severe strain or force applied to the abdominal wall. The legislative intent may have been to keep the required coverage from becoming hernia insurance. We declined in *Harkleroad* to invade what we considered to be the legislative province, and still do, without any suggestion that legislative action is or is not appropriate.

It is just as important that the judiciary respect the province of the Workmen's Compensation Commission as it is that we observe the boundary between the legislative and judicial departments of government. For that reason, we must continue to determine whether reasonable minds could reach the conclusion reached by the commission, not whether the evidence would have supported another conclusion, or even whether the preponderance indicated a different result. *Wilson Lumber Co.* v. *Hughes,* 245 Ark. 168, 431 S. W. 2d 487; *J. L. Williams & Sons* v. *Smith,* supra. For these reasons, we must reverse the judgment of the circuit court.

Chief Justice HARRIS, not participating.