DURA CRAFT BOATS, INC. *v.* GEORGE A. DAUGHERTY

5-6039          485 S.W. 2d 739

Opinion delivered October 23, 1972

*Riddick Riffel,* for appellant.

*Clifton Bond,* for appellee.

FRANK HOLT, Justice. The appellee suffered an injury to his right hand when he was working as a riveter for the appellant. The Workmen's Compensation Commission, in affirming a referee's opinion, found that the appellee had sustained a 10% permanent partial disability to the right hand and awarded benefits for that degree of disability. The circuit Court, on appellate review, reversed the action of the Commission and in doing so found that appellee was entitled to compensation for a permant partial disability of 10% to the body as a whole rather than 10% to the right hand. A judgment was accordingly rendered.

We agree with the appellant that the extent of the claimant's injury or disability is primarily a question of fact for the Commission to determine. It is beyond the power of an appellate court to make a finding of fact as to the extent of a claimant's injuries. This is solely within the province of the Workmen's Compensation Commission as fact finders and the only power of an appellate court is to remand the case for further proceedings. *Dura Craft Boats, Inc.* v. *Daugherty,* 247 Ark. 125, 444 S.W. 2d 562 (1969), *Long-Bell Lumber Co.* v.

*Mitchell,* 206 Ark. 854, 177 S.W. 2d 920 (1944). Therefore, the remaining issue before us as an appellate court is to determine if there is any substantial evidence to support the Commission's findings. This is the extent of our inquiry on appeal and if substantial evidence exists, we must affirm the Commission. *St. Michael Hospital* v. *Wright,* 250 Ark. 539, 465 S. W. 2d 904 (1971).

Appellee's medical witness testified that he was of the opinion that appellee's disability was 5% to 10% to the body as a whole; however, on cross-examination, as abstracted, he testified: "I felt that he had some permanent weakness in his right hand which was limited to his right hand; some sensory change specifically hypalgesia, which means diminished depreciation of pain; and hypesthesia, which means decreased depreciation of touch in the distribution of the radial nerve on the right hand. **** This was all confined to the right hand." Appellant's medical witness, as abstracted, stated that "I did not find any physical reason that would prevent this man from carrying on his normal work activities. **** From my examination I found nothing that was of objective character of any physical or neurological impairment of the man's right hand or right upper extremity beyond the man's own willful control. There was nothing in my examination to indicate that this man could not perform work duties that he was otherwise capable of performing." Also, the claimant told him that "he was getting along quite well on this new job." Evidence was adduced that sometime following claimant's injury he was employed in pest control work at approximately a 50% higher salary and doing work which required him to crawl under houses, use a sprayer, and perform carpentry. It appears that appellee was deceased at the time of the hearing on his claim.

When we review the evidence in the light most favorable to the finding of the Commission, as we must do on appellate review, we must agree with appellant there is substantial evidence to support the Commission in its finding of fact. On appeal, the issue is not whether the testimony would have supported a contrary finding but

whether it supports the finding the Commission made. It follows that the judgment of the Circuit Court is reversed and the cause is remanded to the Circuit Court with directions to reinstate the award of the Commission.

Reversed and remanded.