## WARWICK ELECTRONICS, Inc. v. Carrie DEVAZIER

5-6174                                          490 S.W. 2d 792

### Opinion delivered February 26, 1973

*N. M. Norton,* for appellants.

*Fletcher Long Jr.,* for appellee.

FRANK HOLT, Justice. In this workmen's compensation appeal, the appellant contends there is not sufficient evidence to show a connection between appellee's employment and her hospitalization for stomach ulcers as found by the referee and affirmed by the commission and the Circuit Court. It is well established that the trial court and this court review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the commission's finding which, like that of a jury, we uphold if there is substantial evidence to support its action. *Northwestern Natl. Ins. Co.* v. *Weast,* 253 Ark. 710, 488 S.W. 2d 322.

The appellee was hospitalized in 1967 for a duodenal ulcer. However, in July, 1968, another doctor ruled out the possibility of an ulcer and determined she had a "spasmodic stomach." In September, 1968, appellee sustained a compensable back injury arising out of her employment. Within a few days disc surgery was performed. It appears that two other operations were necessary: one in October, 1969, and the other in January, 1970. During her convalescence of approximately two years, various medications were prescribed which included Emperin Compound No. 3 for relief of pain. It contains aspirin which is considered ulcergenic. Also, Earidine, a muscle relaxant, was prescribed which is considered "mildly irritating."

Appellee was again hospitalized in May, 1970, for tests because of her continued back pain. She was found to be suffering from an ulcer condition in addition to her original injury. She was treated for the ulcer along with traction and medication for her back. She was discharged after approximately twenty days which is the period of hospitalization at the cost of $1,769.05 that appellant denies as being compensable. There was medical evidence adduced from a treating doctor (Jennings) that "[T]hese ulcers were probably caused by ulcergenic medications. Of course, I am sure that the mental stress and strain of the pain in the low back certainly had its own share of contribution to the etiology of the ulcers, as well." According to him he consulted with a gastroenterologist and "[O]n examination, it was felt that Mrs. Devazier [appellee] indeed had a gastric ulcer which he felt had its genesis in the psychological stress and medication related to the low back pain." The appellee claimant testified that she took no medicine other than aspirin "occasionally," except medication prescribed for her. She, also, stated in answer to a question if she took aspirin following her operation in October, 1968, "[N]o, the doctor gave me medicine to take after that."

In view of the recited evidence, we must disagree with the appellant's argument that appellee took ulcergenic medication "of her own motion" and, therefore, her treatment for ulcers was not connected with her back injury. The credibility of the witnesses and any conflict and in-

consistency in the evidence were for the commission as fact finders to resolve. *Kivett* v. *Redmond Company*, 234 Ark. 855, 355 S.W. 2d 172 (1962), *Dacus Casket Co.* v. *Hardy*, 250 Ark. 886, 467 S.W. 2d 713 (1971). Certainly we cannot say there is no substantial evidence to support the commission's finding that her ulcer condition and treatments were a consequence of appellee's compensable injury. It follows that the appellant is liable for appellee's hospital bill.

Appellant next asserts that it was error for the circuit court to order respondent to pay medical expenses not in issue and that had not been shown in the evidence. This judgment was predicated upon the commission's finding and award that "[R]espondents are further ordered to pay any medical bills associated with the above treatments that have not already been paid." Certainly she received medical treatments for her ulcers. However, it is true that the only item of expense that was actually shown in evidence was the hospital bill. We do not construe the trial court's order, based upon the commission's finding and award, to preclude the right of the respondent to controvert any medical bill or treatment asserted by the claimant as being associated with her ulcers or eliminate the necessity for the commission's approval of any controverted bills. Therefore, we deem the asserted error as being harmless and nonprejudicial.

Affirmed.