Charles CORBITT *v.* MOHAWK RUBBER CO.
& TRAVELERS INSURANCE Company

74-45                                          511 S.W. 2d 184

Opinion delivered July 8, 1974

933

*Youngdahl, Huckabay & Larrison,* for appellant.

*Wright, Lindsey & Jennings,* for appellees and cross-appellants.

FRANK HOLT, Justice. The Workmen's Compensation Commission, in affirming the referee, found the appellant was permanently and totally disabled from the combined effects of two successive and compensable work related back injuries while employed by the appellee Mohawk Rubber Company. However, in awarding the benefits, the commis-

sion applied the provisions of Ark. Stat. Ann. § 81-1313 (f) (Supp. 1973) which limited appellant's total recovery to $19,-500 which was the maximum when appellant received his last injury in 1969. The circuit court affirmed the commission and from that judgment comes this appeal. Appellant asserts for reversal that § 81-1313 (f) (1) is unconstitutional since it limits the amount of recovery where a second injury is involved whereas another statute, § 81-1310 (c) does not limit the amount of a claimant's recovery from an industrial injury when total disability resulted from a single injury. We cannot agree with the appellant that the limiting statute is unconstitutional.

§ 81-1313 (f) (1), as amended, reads:

(f) Second injury: In cases of permanent disability arising from a subsequent accident, where a permanent disability existed prior thereto: (1) If an employee receive a permanent injury after having previously sustained another permanent injury in the employ of the same employer, for which he is receiving compensation, compensation for the subsequent injury shall be paid for the healing period and permanent disability by extending the period and not by increasing the weekly amount. When the previous and subsequent injuries received result in permanent total disability, compensation shall be payable for permanent total disability, but the sum total of compensation payable for previous and subsequent injuries shall not exceed 450 weeks or nineteen thousand five hundred dollars ($19,500.00).

At the time of appellant's last injury, § 81-1310 (c) (1), in pertinent part read:

Exceptions. The maximum limitations on period of payment (450 weeks) and total compensation ($19,500.00) prescribed in subsection (a) of this Section shall not apply in cases of permanent total disability or death.

Appellant contends that the statutory scheme arbitrarily and discriminatorily creates two categories with respect to permanent total disability victims without a rational basis. Appellant is within the provisions of § 81-1313 (f) (1), since he is a victim of one previous compensable injury. Therefore,

his maximum benefits are $19,500 by this statute rather than being open ended under § 81-1310 (c) (1) which governs in the case of a single injury. Appellant asserts that § 81-1313 (f) (1) is violative of the equal protection clause of the federal Fourteenth Amendment as well as our Ark. Const. Art. 2 § 18 (1874).

Appellees argue that the statutory scheme has a rational basis for the distinction or classification in that it encourages employers to retain injured employees. Both appellant and appellees assert that their respective positions are in accord with the remedial and liberal purposes of the Workmen's Compensation Act.

In determining whether a classification denies the equal protection of the laws, the court must consider whether the difference does injustice to the class generally, even though it bears hard in the particular case. *Bain Peanut Co.* v. *Pinson*, 282 U.S. 499 (1930). "The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarily circumstanced shall be treated alike.' " *Reed* v. *Reed*, 404 U.S. 71 (1971). Citing therein *Royster Guano Co.* v. *Virginia*, 253 U.S. 412 (1920). To determine whether a law is violative of equal protection, the court looks at (1) the character of the classification, (2) the individual interests asserted in support of the classification and (3) the governmental interests asserted in support of the classification. *Dunn* v. *Blumstein*, 405 U.S. 330 (1971).

Considering these guidelines we must look at the purpose of the Workmen's Compensation Act to determine if the interests asserted are relevant to the purpose of the act and do not result in an arbitrary classification. The Workmen's Compensation Act is based largely on the social theory of providing disabled employees support and preventing their destitution. The thrust of the legislative scheme is financial protection for those casualties of industry. We do not restrict

the remedial design of the act to the purely mechanical feature of compensation. The encouragement of retention of injured employees is a reasonable and laudable remedial objective. Cf. *International Paper Company* v. *Remley,* 256 Ark. 7, 505 S.W. 2d 219, (1974). In the case at bar we hold the classification created by the statutes as being within the remedial purpose of the act. To hold otherwise and invalidate the limiting statute could result in the refusal of an employer, in many cases, to retain an injured employee who, as here, received a permanent disability rating as a result of his first injury and was accordingly paid and thereafter reemployed by the appellee employer.

On cross-appeal appellees contend that the decision of the Workmen's Compensation Commission in awarding total permanent disability is not supported by substantial evidence. We disagree. In determining the extent of disability the commission looks at the totality of factors—medical evidence, age, education, experience and other matters affecting the capacity to earn. *Wilson & Co.* v. *Christman,* 244 Ark. 132, 424 S.W. 2d 863 (1968). Appellant herein was 34 years old at the time of the hearing with only a second grade education and no job training. His work experience was limited to farm work and manual labor. Evidence was adduced that his I.Q. test indicated that he would be a slow learner to the extent of being on the borderline of retardation. His levels of reading and writing ability confirmed that he had no transferrable skills since his only work experience had been in the unskilled labor market. His attendance at a night school did not improve his deficient reading and writing abilities. The local Social Security Rehabilitation Center had offered him no rehabilitation program. The rehabilitation counselor, whose qualifications are admitted, from the Employment Security Division stated that appellant's chances of securing employment are extremely limited on the labor market and his rehabilitation unfeasible. Appellant testified.that he suffers continuing pain in his back, intestines and right leg and at times in his shoulder and neck as a result of the combination of the two back injuries, each of which had required medical surgery to alleviate his condition. He cannot walk without difficulty, including testicular pain. He is able to sit for only thirty to forty minutes because of his discomfort. He can only stand for about ten minutes at a time without having

to change positions. There is corroborative medical evidence with respect to his complaints. Medically, 30% permanent disability to the body as a whole was assigned as a result of the successive back injuries.

Our inquiry on appeal relates only to whether substantial evidence exists to sustain the commission which is the trier of the facts even though the evidence would support a contrary finding. *St. Michael Hospital* v. *Wright*, 250 Ark. 539, 465 S.W. 2d 904 (1971); and *Dura Craft Boats* v. *Daugherty*, 253 Ark. 340, 485 S.W. 2d 739 (1972). We do not reverse the commission's finding on a disputed factual issue unless the proof is so nearly undisputed that fair minded men could not reach the decision made by the commission. *Plants* v. *Townsend Curtner Lbr. Co.*, 247 Ark. 824, 448 S.W. 2d 349 (1969), and *Royal Shoe Mfg.* v. *Armstrong*, 252 Ark. 1002, 481 S.W. 2d 737 (1972). In the case at bar, when we review all the evidence most favorable to the commission's finding as we must do on appeal, we are of the view there is substantial evidence to sustain the commission's award.

Affirmed on direct and cross-appeal.