Roger KING *v.* FARMERS LIQUID FERTILIZER & RANGER INSURANCE COMPANY

CA 79-46                                    590 S.W. 2d 327

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*Phillip H. McMath*, for appellant.

*Laser, Sharp, Haley, Young & Huckabay*, for appellees.

MARIAN F. PENIX, Judge. On May 12, 1973, claimant was injured on the job when a cable broke and caused him to

fall 20 feet. The administrative law judge awarded claimant permanent and total disability. The Workers' Compensation Commission reversed the award and reduced it to a rating of 60% permanent partial to the body as a whole. Claimant appeals the Commission determination.

The claimant contends the Commission had no substantial evidence to justify its modification of the administrative law judge's award.

After the first hearing the deposition of Dr. Charles McKenzie and reports from Dr. Thomas Fletcher and the Veterans Administration were made a part of the record before the full commission. These medical reports as to the claimant's condition are in conflict. Dr. Fletcher reported the claimant sustained a lower spinal injury which was a cauda equina compression injury of the lower cord and nerve root in association with a lumbar disc injury. Dr. Fletcher indicated the claimant has a residual pain problem and is disabled as far as performing work activity. As to claimant's anatomical disability Dr. Fletcher gave him permanent partial disability of 45% to the body as a whole. The VA report relates claimant has full function of his lower extremeties and is able to return to work. The respondents referred claimant to Dr. Charles McKenzie, an orthopedist. Dr. McKenzie reported he could find no objective evidence to support Dr. Fletcher's diagnosis of a cauda equina compression injury. The Commission concluded both Dr. Fletcher and Dr. McKenzie are qualified and one's opinion was no more convincing than the other. The Commission also concluded the doubt should be resolved in claimant's favor and in favor of the diagnosis of the treating physician, Dr. Fletcher. It is the opinion of the Commission when the economic factors are considered along with the physical impairment the claimant has sustained a 60% permanent partial disability to the body as a whole resulting from the injury.

After reviewing all the evidence the Commission determined the claimant is able to regularly and systematically engage in a variety of physical activities including fishing, hunting and housework. It also determined the claimant's income is now in excess of what he was making when

employed by the respondents and that his income is now tax free. It concluded claimant lacked financial motivation to return to the labor market. The claimant introduced a written report from a rehabilitation counselor which stated that based upon a telephone conversation with the claimant, the claimant would not be a candidate for vocational training. From this evidence the Commission concluded the claimant has voluntarily chosen not to return to the job market.

All this court is required to do is to determine if there was substantial evidence to support the Commission's finding. From the record we find there was substantial evidence the claimant is not 100% disabled from earning any wages in the same or any other employment within the meaning of the Workers' Compensation Act, Ark. Stat. Ann. § 81-1302(e).

It has repeatedly been held the decision of the Workers' Compensation Commission on fact questions carries the same force and effect as a jury verdict. *Superior Improvement Co.* v. *Hignight,* 254 Ark. 328, 493 S.W. 2d 424. Even though the evidence would support another conclusion, or if the preponderance of the evidence would indicate a different result, we still affirm the Commission if reasonable minds could reach the conclusion reached by the Commission. *Oak Lawn Farms* v. *Payne,* 251 Ark. 674, 474 S.W. 2d 408 (1971).

Affirmed.