McClelland BYRUM, Employee *v.* HUGHES
BROTHERS CONSTRUCTION COMPANY, Employer;
ARKANSAS FARM BUREAU INSURANCE
COMPANY, Insurance Carrier

CA 79-285                               595 S.W. 2d 699
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Petition for review denied March 24, 1980
Petition for rehearing denied March 26, 1980
Released for publication March 26,.1980

*Kent L. Tharel,* for appellant.

*Davis, Bassett, Cox & Wright,* by: *W. W. Bassett, Jr.,* for
appellees.

GEORGE HOWARD, JR., Judge. We are to decide whether
the Workers' Compensation Commission committed reversi-
ble error in finding that appellant's total disability ended
February 28, 1978.

It is settled law that an appellate court will affirm the Commission where there is substantial evidence to support its findings. *Stout Construction Co.* v. *Wells,* 214 Ark. 741, 217 S.W. 2d 841 (1949); *Clark* v. *Shiloh Tank and Erection Company et al,* 259 Ark. 521, 534 S.W. 2d 240 (1976). Moreover, in evaluating the evidence, the appellate court will interpret it in the light most favorable to the Commission's findings. *Superior Improvement Co.* v. *Hignight,* 254 Ark. 328, 493 S.W. 2d 424 (1973). On disputed questions of fact, the appellate court will not set aside the Commission's findings even though the evidence would support a different result, where it is plain that reasonable minds would reach the conclusion reached by the Commission. *McCollum* v. *Rogers,* 238 Ark. 499, 382 S.W. 2d 892 (1964); *Oaklawn Farms* v. *Payne,* 251 Ark. 674, 474 S.W. 2d 408 (1971).

Appellant, who had been previously employed as a farm laborer for twenty years, began working for Hughes Brothers Construction Company on August 1, 1977, as a laborer. His duties consisted, among other things, of setting up forms for concrete floors, pouring and finishing concrete.

On October 20, 1977, appellant developed a rash over his hands, arms, neck, scalp, and the trunk of his body. This rash caused appellant great discomfort and he purportedly itched constantly. As a consequence, appellant took a week off from his job. On December 19, 1977, appellant stopped work entirely.

On December 20, 1977, appellant consulted Dr. Spencer D. Albright who characterized appellant's condition as "inflammatory dermatitis." Appellant was given a prescription for medication. Appellant failed to return for a follow-up, as suggested by his doctor, and was not seen again by Dr. Albright until February 14, 1978. However, appellant consulted approximately four other doctors, including Dr. John Darrell Ginger, who stated that it was his impression that appellant had "inflammation of the hair follicle" on his face and neck. In a medical report dated February 29, 1978, adressed to Dr. Robert H. McCollum, who referred appellant to him, Dr. Ginger stated "He is to return to see me in ten days and I also recommended that the patient could return to work."

Two of appellant's lay witnesses, Bobby Waits and Leo Orsborn, testified that since appellant developed his skin condition, appellant has performed odd jobs for them; that appellant had hauled hay to be stored in a barn and had constructed a concrete foundation for a septic tank; that following the completion of the septic tank job, appellant developed a rash over his body.

Appellant testified that Dr. Ginger had instructed him to quit drinking alcoholic beverages; and that alcoholic beverages might be a factor in his dermatitis.

Darrell Hughes, an in-law of appellant, testified that appellant told him that Dr. Ginger had said that appellant's condition was "probably caused from my drinking whiskey"; and that appellant concluded "I've been drinking for forty (40) years and I am not gonna give it up now."

Darrell Hughes also testified that between August, 1977, and December, 1977, appellant made improvements to his personal dwelling which consisted of the installation of rock necessitating the use of cement.

Appellant admitted that he had performed odd jobs over the past two years since his departure from the construction job with Hughes Brothers Construction Company, including concrete work for Bobby Waits.

Vorelda Byrum, mother of appellant, testified:

Q. Now, Ms. Byrum, are you aware of any instance or period of time, back before Mac went to work for the Hughes Brothers, that he had this same condition?

A. No, he's never had this before. Like this.

Q. Has he ever had anything similar to it?

A. He's never been broke out with anything; only about fourteen (14) or fifteen (15) years ago he was broke out with tomato rash when he was picking tomatoes. When he quit picking tomatoes, it dried up.

It is clear from the medical reports that appellant is allergic to chrome and cobalt which are ingredients in cement and other construction materials; and that appellant was advised that he could return to work on February 28, 1978.

We are persuaded that the Commission's holding is supported by substantial evidence and, accordingly, we affirm.

Affirmed.