Warren J. GREEN *v.* JACUZZI BROTHERS
et al

CA 80-90                                          600 S.W. 2d 448
Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

*Dodds, Kidd & Ryan*, for appellant.

*Wright, Lindsey & Jennings*, by: *Wendell L. Griffen*, for appellee.

JAMES H. PILKINTON, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission. The commission denied appellant's claim for compensation benefits, and the question before this court is whether there is substantial evidence to support that decision. We are not at liberty to weigh the credibility of the witnesses, or to decide the preponderance of the evidence as those are the functions of the commission.

On appeal we must view and interpret the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the commission. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

The testimony reveals that while appellant was employed as a janitorial worker for Jacuzzi Brothers, he injured his upper back and shoulder on April 10, 1978, when lifting a barrel filled with scrap metal. He was taken by automobile to Dr. Roy Harrison, the company doctor. Appellant returned to work on April 11 and worked regularly until December 8, 1978, although appellant testified that he was working in considerable pain from the shoulder injury. At the time of the hearing the appellant testified that he was unable to do any work requiring strenuous use of his right arm or hand.

The employer accepted the appellant's claim that he was hurt on the job on April 10, 1978, and paid medical bills totaling $705.73. The claimant lost no time from work immediately after the injury but continued his regular job until December 8, 1978, when the claimant was advised by his physician, Dr. Harold G. Hutson, to refrain from work which required heavy lifting, pushing or pulling for the following two weeks. The employee allowed claimant to take sick leave during that period. When he returned for light duty, claimant was informed that the company did not have any light job for him, so his sick leave was extended. Almost immediately after he reported back for a light job, the company learned that claimant had been working for another employer doing substantially the same work during the period of time when he was given sick leave by Jacuzzi. He was confronted with this information and, when he acknowledged some of it, was terminated for cause on December 27, 1978. The employer thereafter contended the claimant was not temporarily totally disabled, and payment of any additional disability benefits was controverted.

The Arkansas Workers' Compensation Commission found that claimant had failed to prove by a preponderance of the evidence that he is entitled to any temporary total disability benefits resulting from the compensable injury of April 10, 1978.

The evidence deals exclusively with the unusual circumstances surrounding claimant's termination from employment at Jacuzzi Brothers on Decmeber 27, 1978. The record shows that on December 11, 1978, claimant produced

a medical report to the Jacuzzi personnel office stating that claimant was physically limited to light duty because of the injury. Claimant did not return to work until December 27, when he was called in by his employer and terminated. The employer's reason for terminating the claimant was that he was employed by Twin City Maintenance during the period that he was claiming Workers' Compensation benefits from Jacuzzi Brothers. There is a sharp conflict in the evidence as to what claimant did and was able to do while he was working for Twin City Maintenance. At the initial hearing Mr. Virgil Huddleston, owner of Twin City Maintenance, testified that claimant performed strenuous janitorial services for him during this period of time. Claimant requested a further hearing due primarily to Mr. Huddleston's testimony; and at the subsequent hearing the claimant produced three witnesses who testified in effect that although claimant was at work, he was very limited in what he could do and his fellow workers had to assist him in his more strenuous duties. To say the least, a review of the testimony shows a record containing sharply disputed testimony. In determining the preponderance of the evidence, the commission noted that those testifying for the claimant were the claimant himself, the claimant's brother, and two part-time employees who worked with the claimant. The commission determined that all of the testimony in claimant's behalf was given by interested parties. The commission had the right, just as a jury would have, to believe or disbelieve the testimony of any witness. *Meyer* v. *Seismography Service Corporation*, 209 Ark. 168, 189 S.W. 2d 797 (1945).

We have carefully reviewed the evidence before the commission. The findings of the commission are supported by substantial evidence although much of such evidence was disputed by the claimant. Under those circumstances, it is our duty to affirm the decision of the commission. The findings of fact of the commission are conclusive and binding on the courts, in the absence of fraud, and are not for de novo determination by the courts. Ark. Stat. Ann. § 81-1325(b) (Supp. 1979); *Oak Lawn Farms* v. *Payne*, 251 Ark. 674, 474 S.W. 2d 408 (1971). In *Clark* v. *Peabody Testing Service, supra,* the Supreme Court stated:

The resolution of doubts and factual issues favorably to the claimant is a function of the commission, not of the courts, which must view and interpret the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the commission and give the testimony its strongest probative force in favor of the action of the commission, whether it favored the claimant or the employer.

On appeal the courts are required to resolve all doubts in favor of the commission's findings. *Bale Chevrolet Company* v. *Armstrong*, 241 Ark. 705, 409 S.W. 2d 328 (1966). We must affirm if we find any substantial evidence to support the commission's ruling. *Clark* v. *Peabody Testing Service, supra*.

Even though we might feel that the commission reached the wrong result in this case, we are not at liberty to upset its findings because there is substantial evidence in the record to support it. *Potlatch Forests, Inc.* v. *Smith*, 237 Ark. 468, 374 S.W. 2d 166 (1964). It was for the commission to determine the extent to which credit is given to testimony, disputed or undisputed. *Wilson* v. *United Auto Workers*, 246 Ark. 1158, 441 S.W. 2d 475 (1969).

Affirmed.