# TYSON FOODS, INC. *v.* Billy R. DISHEROON

CA 88-173                                      761 S.W.2d 617

Court of Appeals of Arkansas
Division I
Opinion delivered December 14, 1988

*Bassett Law Firm*, by: *Tod C. Bassett* and *Gary V. Weeks*, for appellant.

*Epley & Epley, Ltd.*, by: *Alan D. Epley*, for appellee.

JOHN E. JENNINGS, Judge. Billy Disheroon had worked for Tyson Foods, Inc., since 1974 in the maintenance and rendering departments. In 1986 he filed a workers' compensation claim contending that he had suffered a herniated disc as a result of an on-the-job injury which occurred in January of 1986. The administrative law judge held that Disheroon had not met his burden of proving that he suffered an on-the-job injury and denied the claim. On appeal, the full Commission found that Disheroon had suffered an on-the-job injury in January of 1986 which caused the herniated disc. The sole argument on appeal is that this finding by the Commission is not supported by substantial evidence. We affirm.

When a decision of the Workers' Compensation Commission is appealed to this court we give no weight to the findings and conclusions of the administrative law judge. *Oller* v. *Champion Parts Rebuilders, Inc.*, 5 Ark. App. 307, 635 S.W.2d 276 (1982). While this may seem anomalous, it remains the law in this state and is the view of a majority of courts. *See Webb* v. *Workers' Compensation Commission*, 292 Ark. 349, 730 S.W.2d 222 (1987) (Newbern, J., concurring). In workers' compensation cases, the Commission functions as the trier of fact. *Blevins* v. *Safeway Stores*, 25 Ark. App. 297, 757 S.W.2d 569 (1988). The credibility of witnesses and any conflict and inconsistency in the evidence is for the Commission, as the trier of fact, to resolve. *Warwick Electronics, Inc.* v. *Devazier*, 253 Ark. 1100, 490 S.W.2d 792 (1973). The Commission has the right to believe or disbelieve the testimony of any witness. *Green* v. *Jacuzzi Brothers*, 269 Ark. 733, 600 S.W.2d 448 (Ark. App. 1980). On appeal to this court, when the issue is whether the Commission's findings are supported by substantial evidence, we must view the evidence in the light most favorable to those findings and give the testimony its strongest probative force in favor of the Commission's action. *Blevins, supra*. The Commission's decision is entitled to the weight we give a jury verdict. *Marrable* v. *Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988).

Substantial evidence is more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 752 S.W.2d 766 (1988). There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo. Brower Mfg. Co.* v. *Willis*, 252 Ark. 755, 480 S.W.2d 950 (1972).

In the case at bar, Disheroon testified that he hurt his back in January of 1986 while digging a trench to bury a drain pipe in frozen ground. He testified that he told his supervisor, Jim O'Gorek, that he got the drain in but "broke his back." He said that when he came to work the next day his back was hurting but that he continued to work for about 10 more days. On January 30 he was unable to get out of bed and called a co-worker, George Harrison, and told him so. He went to see his doctor, Charles Beard, on that day.

Disheroon testified that he had had intermittent back pain for about two years before 1986, but that his back was not bothering him at all during the month of January 1986, until he worked in the ditch. He said he did not tell Dr. Beard anything about working in the ditch when he first saw him. He said he filed a workers' compensation claim because his group health insurance benefits were about to run out. Disheroon never returned to work after January 30, 1986.

The claimant's wife, Edna Disheroon, said that during the latter part of January, Disheroon's back was hurting and that he told her he had "dug a ditch drain." She denied having stated in an insurance claim form that her husband's injury was not work-related but admitted putting a question mark in a box beside that question on another form. She denied having told Cheryl Masters, the plant nurse, that Disheroon hurt his back at home.

Cheryl Masters, the plant nurse, testified that Mrs. Disheroon did in fact tell her that the claimant had hurt his back at home. Disheroon's supervisor, Jim O'Gorek, testified that Disheroon did not tell him he hurt his back digging a ditch. He did testify, however, that Disheroon dug a 10 foot trench with a pick and shovel in frozen ground and that he observed Disheroon having difficulty moving both before and after he dug the trench.

He also said that the claimant was a hard worker who "shrugged off" pain.

George Harrison, a co-worker, testified that when Disheroon first told him his back was hurting he did not say how he hurt it. Harrison testified that the claimant told him about hurting his back in the ditch after his back surgery.

Vance Mason, another co-worker, testified that he was with Disheroon in January of 1986 and that after he dug the ditch his back was hurting him. Two other co-workers, Edward Roberts and Tom Prince, testified that Disheroon told them he had hurt his back digging a ditch.

Tom McElroy, the plant manager for Tyson Foods, testified that about three or four days after the drain was installed, Disheroon told him that he was "sore from working with the sludge operation."

The claimant's doctor, Charles Beard, reported on January 30, 1986, that he saw Disheroon who reported a one-week history of back pain. The report said the pain began "insidiously" and that there was no history of trauma or falling. It was only after Disheroon was found to have a herniated disc that Dr. Beard elicited a history including the ditch digging episode.

█ Certainly Dr. Beard's report showing that the claimant did not initially tell him about the ditch digging incident, O'Gorek's contradiction of the claimant's testimony, and Ms. Masters testimony that Edna Disheroon had said her husband hurt his back at home, all would support a finding contrary to that which the Commission made. We have said, however, that the question for us is not whether the evidence would have supported findings contrary to the ones made by the Commission, but whether the evidence supports the findings made. *Marrable* v. *Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988). In *Nationwide Warehouse Market* v. *Whisenant*, 249 Ark. 604, 460 S.W.2d 90 (1970), the court said:

> Appellee produced no eyewitnesses to corroborate the occurrence; he testified that he was working alone in a back room of the warehouse. There was testimony adduced by appellant to sustain its contentions (1) that appellee had said he injured himself while playing with his children; (2)

that appellee attempted to influence some witnesses to testify in his behalf; and (3) that the incident was not reported to the appellant at the time of the occurrence. On those conflicting issues it is apparent that the commission accepted appellee's evidence and rejected the evidence which was in conflict therewith. What we said in *Kivett v. Redmond Company*, 234 Ark. 855, 355 S.W.2d 172 (1962), is equally applicable here: "The question is ultimately a simple one of credibility, a matter lying within the exclusive province of the commission. . . . We are bound by the commission's findings upon the disputed question of fact."

249 Ark. at 606.

We reach the same conclusion here.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.