Porter TUBERVILLE *v.* INTERNATIONAL PAPER CO.

CA 88-447                                                     771 S.W.2d 805

Court of Appeals of Arkansas
Division I
Opinion delivered June 21, 1989
[Rehearing denied July 26, 1989.]

*Denver L. Thornton*, for appellant.

*Bramblett & Pratt*, by: *James M. Pratt, Jr.*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case sustained compensable back injuries while employed by the appellee in 1969 and 1970. The appellant requested a hearing in November 1972, contending that he was permanently and totally disabled. The administrative law judge (ALJ) awarded the appellant a permanent partial disability rating of fifty-five percent to the body as a whole. The Commission affirmed the ALJ's decision in July 1983. No appeal was taken from the Commission's decision. However, in May 1982 the appellant filed a claim for additional benefits pursuant to Ark. Stat. Ann. § 81-1326 (Repl. 1976) (now codified at Ark. Code

Ann. § 11-9-713 (1987)). The ALJ awarded the appellant benefits for permanent total disability. The Commission reversed the ALJ. We reversed the Commission's decision because the Commission had improperly relied on the appellant's original contention of permanent total disability to find that he was no more disabled than at the time of his original hearing. *Tuberville v. International Paper Co.*, 18 Ark. App. 210, 711 S.W.2d 840 (1986). We remanded this case to the Commission for a redetermination of the appellant's entitlement to a modification of his award under Ark. Stat. Ann. § 81-1326. On remand, however, the Commission did not reach the merits of the appellant's claim, but instead denied the claim for additional benefits on the ground that it was barred by the statute of limitations. Noting that the Commission had reached this result by ignoring the parties' stipulation that medical payments had been made within the past year and continuously, thereafter, we again reversed the Commission's decision and remanded for a determination of the merits of the appellant's claim. *Tuberville v. International Paper Co.*, No. CA 87-134 (op. del. November 4, 1987) (not designated for publication). In an opinion filed October 12, 1988, the Commission found that the appellant's physical condition had changed since the original award, but also found that this change was due entirely to the natural process of aging. On the basis of these findings, the Commission concluded that the change in appellant's condition was not causally related to his compensable injury, and denied the appellant's claim for permanent total disability benefits. From that decision, comes this appeal.

The appellant contends that the Commission's decision is not supported by substantial evidence. We agree.

■■ In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings, and we must affirm if there is any substantial evidence to support them. *Central Maloney, Inc. v. York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). We may reverse the Commission's decision only when we are convinced that fairminded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Snow v. Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985).

■■  The record shows that the appellant's condition worsened subsequent to the original award, and that surgery was therefore performed. The Commission relied on the following testimony of the appellant's treating physician, Dr. Chakales, to find that the change in his condition was due entirely to the natural process of aging:

Q.  Tell us, then, what you did.

A.  Well, I sent him home and told him to think about it, whether or not he wanted to have any surgery. If he was hurting a lot and he wished to, we would schedule him for a decompression laminectomy because of the spinal stenosis. What happened is, that over a period of time as he got older, *the fact that he had had the previous surgery with the normal progression of aging process, there is actually a shrinking of the spinal cord, causing more pressure on the spinal cord and the nerve. This will cause a spinal stenosis.*

\* \* \*

Q.  Did he give you any history of a particular incident that would cause the condition you found him in when you did this recent surgery?

A.  No.

Q.  What would be your opinion as to what would put him in that situation?

A.  General, gradual process of aging, I would say.

Q.  Someone in Mr. Tuberville's condition, *having had the injury he had back in 1970 and having had the removal of the disc back in '71 would be a real candidate to wake up in the shape he was in in '82?*

A.  *Correct.*

Q.  And that would be because, as you say, the aging process?

A.  Correct.

\* \* \*

A.   I assume what happened in '77 until '82, that he was stabilized and he had probably learned to cope with his problem, but then something triggered off and started getting more acute.

Q.   Do you have any idea what would trigger it?

A.   Mother nature — you know, aging.

(Emphasis supplied.) The rule applicable to this case was stated as follows in *Home Insurance Co.* v. *Logan*, 255 Ark. 1036, 505 S.W.2d 25 (1974):

When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own negligence or misconduct.

*Logan*, 255 Ark. at 1037. Dr. Chakales's testimony clearly expresses his opinion that appellant's worsened condition resulted from the natural process of aging *acting upon the appellant's prior, compensable injury.* Unless this testimony is read wholly out of context, no other conclusion is possible. We hold that fair-minded persons with these facts before them could not conclude that the appellant's worsened condition was attributable entirely to the natural process of aging, and that the Commission's finding to that effect is not supported by substantial evidence. *Snow* v. *Alcoa, supra.* Instead, the evidence relied upon by the Commission clearly demonstrates that the appellant's worsened condition was a natural consequence of his primary, compensable injury. *See Home Insurance Co.* v. *Logan, supra.* We hold that the appellant has proved that his change in physical condition is causally related to his employment and to his original compensable injury. Thus, we reverse and remand to the Commission for it to determine the degree of appellant's increase in his disability.

Reversed.

CRACRAFT and ROGERS, JJ., agree.