Juanita J. MOSLEY, Widow of William C. Mosley, Deceased *v.* McGEHEE SCHOOL DISTRICT and State of Arkansas, Public Employees Claims Division

CA 89-106                                        783 S.W.2d 871

Court of Appeals of Arkansas
En Banc
Opinion delivered February 7, 1990

*Mitchell and Roachell*, by: *Richard W. Roachell*, for appellant.

*Jerry G. James*, Public Employee Claims Division, Arkansas Insurance Department, for appellee.

MELVIN MAYFIELD, Judge. The appellant, Juanita J. Mosley, appeals the decision of the Workers' Compensation Commission denying her claim for benefits in connection with the death of her husband, William C. Mosley. On appeal, appellant raises seven issues for reversal. Her contentions are as follows: (1) that the Commission erred in not addressing a challenge to the "temporality rule" although it was not advanced before the administrative law judge; (2) that the "temporality rule" is void and unlawful; (3) that the "temporality rule" is so vague that its application results in arbitrary, capricious and discriminatory denials of meritorious claims; (4) that the Commission erred in allegedly giving no weight to the testimony of twenty-one witnesses; (5) that Act 10 of 1986 creates an irreconcilable conflict with the doctrine of liberal construction; (6) that section 10.2 of Act 10 of 1986 is an unconstitutional intrusion upon the separation of powers doctrine; and (7) that there is insufficient evidence to support the decision of the Commission.

The record reveals that William C. Mosley was sixty years old at the time of his death, and had been married to appellant for thirty-seven years. For sixteen years, he had been the principal of the McGehee Junior High School. Mr. Mosley took the Functional Academic Skills Test on March 23, 1985, arriving home around 6:30 p.m. Mr. Mosley and his wife went to Kentucky Fried Chicken and Wal-Mart before returning home for the evening. After an uneventful evening and a good night's sleep,

Mr. Mosley and his wife awoke around 7:00 or 8:00 a.m. They spent the morning drinking coffee and reading the morning newspapers. Between 10:30 and 11:00 a.m., appellant heard her husband cough. She went into the den and found him sitting upright in his recliner with no pulse. Mr. Mosley was pronounced dead at the local hospital at 11:45 a.m. It was appellant's contention below, and now on appeal, that the stress and anxiety of the Arkansas Teacher Competency Test precipitated her husband's death which occurred the morning following the test. Appellees' position is that Mr. Mosley's death did not arise out of and in the course of his employment and that it was not causally related to his employment.

At the March 25, 1988, hearing before the administrative law judge, it was stipulated that appellant is the decedent's widow and is dependent upon him within the meaning of the Workers' Compensation Act. The administrative law judge in rendering his opinion found the heart attack suffered by Mr. Mosley on March 24, 1985, did not arise out of and in the course of his employment with appellee. He also found appellant had failed to prove by a preponderance of the evidence a causal relationship between the decedent's employment and his heart attack. After a de novo review of the record, the law judge's decision was affirmed by the full Commission.

■ We do not reach the merits of the issues raised in this case because we have concluded that it must be remanded. In *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), the Arkansas Supreme Court held that the Arkansas Workers' Compensation Commission must make findings of fact in sufficient detail that "the reviewing court may perform its function to determine whether the commission's findings as to the existence or non-existence of the essential facts are or are not supported by the evidence." 265 Ark. 507. We relied upon *Clark* in *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986), where we reversed and remanded a Commission decision for its failure to make "specific findings" upon which it relied to reach its decision. We also cited Larson, *Workmen's Compensation Law* (1983), § 80.13, where it is pointed out that unless findings and supporting evidence are set out in the record of the Workers' Compensation Commission the review function of the court becomes meaningless. In the present case, the Commis-

sion made the following "Findings and Conclusions:"

> 1. That the heart attack suffered by the claimant on or about March 24, 1985, did not arise out of and in the course of his employment with the respondent.

. The Commission then discussed the evidence in some detail and concluded:

> Thus, after according Dr. Rosenman's testimony the appropriate weight, and considering the testimony of Dr. Kizziar, the risk factors present in this case, and the time of the decedent's fatal heart attack in relation to the alleged stressful event, we find that the claimant has failed to prove a causal connection between the heart attack and the decedent's employment by a preponderance of the credible evidence of record.

However, before reaching that conclusion, the Commission cited two of its own opinions in previous decisions and said:

> Relying upon a publication of the American Heart Association as well as the medical testimony presented in those cases, the Commission held that in order to be compensable, a stress induced heart attack must have a close temporal relationship with the claimant's stressful event at work.

The Commission also stated that this court, in an unpublished opinion, had affirmed a Commission's previous decision in which the holding above quoted was made.

Rule 21 of the Arkansas Supreme Court and the Court of Appeals states that our opinions not designated for publication shall not be cited, quoted, or referred to by any court or in any argument, brief, or other materials presented to any court (except in continuing or related litigation upon an issue such as res judicata, collateral estoppel, or law of the case). However, we think this case is sufficiently related to state that our unpublished opinion, *Davis* v. *Cleburne County*, CA 87-396 (June 8, 1988), referred to by the Commission, did not approve the adoption by the Commission of a *rule* requiring a close temporal relationship between the heart attack and the stressful work events. To the contrary, our opinion stated that there was *evidence in the case*

"that stress was a contributing factor only when it occurred close in point of time to the attack."

■ From the record before us, we are unable to determine whether "close temporal relationship" as used in the Commission's opinion is a rule of law, a rationale for the Commission's decision, or one of the facts considered in reaching that decision. Therefore, since it is our duty to review the Commission's findings in this case and determine if those findings are supported by substantial evidence, we find it necessary to reverse the Commission's decision and remand this matter for the Commission to make a new decision upon the record already made setting out its findings of fact with sufficient clarity and detail that we may determine whether they are supported by substantial evidence in the record before us.

Reversed and remanded.

ROGERS, J., dissents.

JUDITH ROGERS, Judge, dissenting. The majority of this court in remanding this decision to the Commission stated that the findings of fact in this case were not made with sufficient clarity and detail so that a reviewing court could determine whether the findings are supported by substantial evidence. I disagree. I submit that the findings of fact are sufficiently detailed to enable this court to determine that the Commission's decision is supported by substantial evidence.

First, the Commission recognized that the decedent's genetic factors and personal habits increased the risk of a heart attack. As the Commission specifically found, the decedent suffered from systematic hypertension and hyperlipidemia, smoked cigarettes prior to his heart attack in 1972; and had a positive family history of heart disease, including four or five brothers who died of heart attacks at relatively young ages. The findings and conclusions of the Commission specifically stated that "in addition to these risk factors the evidence indicates that the claimant's fatal attack did not occur until almost one full day after the alleged stressful event." The Commission would not have used the words "in addition" unless they considered other factors besides the timing of the attack and the alleged stressful event.

Furthermore, in a detailed and lengthy opinion of ten pages, the Commission discussed the expert testimony of Dr. Ray Rosenman and Dr. James C. Kizziar. It would not be necessary to have ten pages of findings and conclusions if the opinion of the Commission was based merely upon the timing of the heart attack. Dr. Rosenman, testifying on behalf of the appellant, opined that the decedent's heart attack was caused by the secretion of excess catecholamines which was triggered by the stress of the competency exam. Dr. Kizziar took issue with Dr. Rosenman's assessment as Dr. Kizziar stated there was no evidence that catecholamine levels could reach a level sufficient enough to produce a heart attack. In any event, there was no evidence that the decedent's catecholamine level was excessive.

It is well settled that the Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force. *Wasson* v. *Losey*, 11 Ark. App. 302, 669 S.W.2d 516 (1984). The testimony of medical experts is an aid to the Commission in its duty to resolve issues of fact. It has a duty to use its experience and expertise in translating that testimony into findings of fact. *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted; and when it does so, its findings have the force and effect of a jury verdict. *Clark* v. *Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979).

The Commission stated that it had weighed the conflicting medical evidence and had determined that Dr. Kizziar's opinion was entitled to greater weight. The Commission attributed more credence to Dr. Kizziar's opinion because it concluded Dr. Rosenman had based his opinion on numerous factual assumptions that were not in the record. For instance, the Commission found that the decedent's catecholamine level was never measured; therefore, the Commission concluded Dr. Rosenman's opinion that the decedent's level was excessive, assumed facts which were not in evidence. Dr. Kizziar testified that even if the decedent's catecholamine level had increased as a result of the exam, the level was short-lived. Dr. Kizziar related that after an event, the catecholamine level dissipates and the body returns to normal in an average of fifteen minutes.

In addition, Dr. Rosenman assumed the decedent had a poor night's sleep following the exam. However, contrary to this assumption, the appellant testified that the decedent had a "normal night's sleep." The Commission noted that Dr. Rosenman had simply guessed that the decedent had a poor night's sleep. In fact, the Commission stated that after a further review of Dr. Rosenman's deposition, they found he had engaged in further speculation as to the decedent's physical and mental condition following the exam.

Therefore, after a thorough and detailed discussion of its findings, the Commission concluded:

> Thus, after according to Dr. Rosenman's testimony the appropriate weight, and considering the testimony of Dr. Kizziar, the risk factors present in this case, and the time of the decedent's fatal heart attack in relation to the alleged stressful event, we find that the claimant has failed to prove a causal connection between the heart attack and the decedent's employment by a preponderance of the credible evidence of record.

The issue is not whether this court would have reached the same result as the Commission or whether the evidence would have supported a finding contrary to the one made. The question here is solely whether the findings made by the Commission are supported by substantial evidence. *Morrow* v. *Mulberry Lumber Co.*, 5 Ark. App. 260, 635 S.W.2d 283 (1982). We may reverse the Commission's decision only when we are convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Tuberville* v. *Int'l Paper Co.*, 28 Ark. App. 196, 771 S.W.2d 805 (1989). I am convinced that fair-minded persons could have reached the same conclusion arrived at by the Commission, and would find substantial evidence to support the Commission's decision that the appellant failed to establish a causal connection between the decedent's heart attack and his employment.

I do not conclude, as has the majority, that we are unable to determine in what capacity "close temporal relationship" was used, be it a rule, rationale or a factor. It appears to me that "close temporal relationship," as addressed in the Commission's deci-

sion, was only one of many factors considered in the determination that the appellant failed to prove a causal connection between the heart attack and the alleged stressful event.

However, since the majority is concerned with the treatment of the "temporality rule," I would submit that the Commission's decision to forgo a discussion of the legality of the "temporality rule" was discretionary. Rule 25 of the Rules of the Commission, provides that "[a]ll *legal* and factual issues should be developed at the hearing before the administrative law judge or single Commissioner. The Commission may refuse to consider issues not raised below" (emphasis added). Although this court might have allowed consideration of this issue, the Commission did not violate Rule 25. Rule 25 does not preclude the Commission from reviewing issues not appealed from or not raised at the administrative law judge level *if it so chooses. American Transp. Co.* v. *Payne,* 10 Ark. App. 56, 661 S.W.2d 418 (1983) (emphasis added). In its opinion, the Commission made reference to this argument by stating, "this issue was not raised before the administrative law judge before and, therefore, is not properly before this Commission." I find no indication the Commission has failed to apply Rule 25 in an impartial manner.

There is ample evidence in the record upon which the Commission could have arrived at the conclusion that the appellant failed to prove a causal connection between the heart attack and the alleged stressful event. Therefore, I would affirm the Commission's decision, as being supported by substantial evidence.