Juanita J. MOSLEY, Widow of William C. Mosley, Deceased *v.* MCGEHEE SCHOOL DISTRICT and State of Arkansas, Public Employee Claims Division

CA 90-364 816 S.W.2d 891

Court of Appeals of Arkansas
En Banc
Opinion delivered October 16, 1991

*Mitchell and Roachell*, by: *Richard W. Roachell* for appellants.

Public Employee Claims Division, by: *Richard S. Smith* for appellees.

JOHN E. JENNINGS, Judge. This case is before the court a second time. We set out the relevant facts in *Mosley* v. *McGehee School Dist.*, 30 Ark. App. 131, 783 S.W.2d 871 (1990), and need not do so again. In that decision we remanded the case to the Commission because we could not determine from the Commission's opinion whether it had ruled, as a matter of law, that a stress-related heart attack was compensable only if there was a "close temporal relationship" between the stressful event and the subsequent heart attack.

On remand the Commission once again denied compensation and explained that the length of time between the stressful event and the heart attack is merely one factor to be considered in determining the issue of causation. Appellant again raises a number of issues on appeal to this court. We find no reversible error and affirm.

■ Appellant's primary contention is that the Commission's decision is not supported by substantial evidence. In determining whether the Commission's findings are so supported,

we must view the evidence in the light most favorable to those findings and give the testimony its strongest probative force in favor of the Commission's action. *Blevins* v. *Safeway Stores*, 25 Ark. App. 297, 757 S.W.2d 569 (1988). We do not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983). We are persuaded that the facts as set out in both the majority and dissenting opinions issued in the first appeal in this case constitute substantial evidence to support the Commission's decision.

 Appellant argues that the Commission should have believed Dr. Rosenman rather than Dr. Kizziar. The Commission, however, is not bound by medical opinion, even if uncontroverted. *See Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). Appellant correctly notes some inconsistencies in Dr. Kizziar's testimony, while conceding that there are also inconsistencies in the testimony of Dr. Rosenman. In any event this is a matter of credibility — a question for the trier of fact to resolve. *Warwick Electronics, Inc.* v. *Devazier*, 253 Ark. 1100, 490 S.W.2d 792 (1973). Appellant argues that any fair-minded person would necessarily infer that Mr. Mosley's death was causally related to the stressful event but, again, the drawing of inferences is for the Commission as trier of fact. *Marrable* v. *Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988). Appellant argues that Dr. Rosenman's qualifications are more outstanding than those of Dr. Kizziar. Assuming this to be so, it does not follow that the Commission is therefore obliged to accept the testimony of Rosenman and reject that of Kizziar. *See Wade, supra.* Our conclusion is that the Commission's opinion displays a substantial basis for the denial of the relief sought. *See Linthicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987).

At the original hearing before the administrative law judge, appellant called twenty-one teachers and other witnesses from Mr. Mosley's school to testify, in essence, that anticipating and taking the teacher test was stressful for Mr. Mosley. Appellant contends that the Commission ignored this testimony, but the Commission's opinion gives us no reason to agree. The Commission's decision was not based on a finding of an absence of stress; rather, the Commission found that the appellant had failed to

establish by a preponderance of the evidence a causal relationship between the work-related stress and Mr. Mosley's subsequent death.

■ Appellant also contends that despite Act 10 of 1986 the Commission should "decide . . . factual disputes in favor of the claimant where the evidence may be nearly or equally balanced." She also contends that Act 10 of 1986 violates the doctrine of separation of powers. Because both arguments are raised for the first time on appeal, we need not address them. *Johnson* v. *Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989). *See also Arkansas Cemetery Bd.* v. *Memorial Properties, Inc.*, 272 Ark. 172, 616 S.W.2d 713 (1981).

■ Finally, appellant contends that the Commission erred in denying her motion to remand the case to the administrative law judge for the purpose of adding to the record additional articles contained in various medical journals. The Commission's denial of the motion was based, in part, on its determination that the additional evidence would be cumulative. *See Mason* v. *Lauck*, 232 Ark. 891, 340 S.W.2d 575 (1960). We hold that determination is adequately supported by the record and therefore find no error in the Commission's denial of the motion to remand.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. We have recently stated that the workers' compensation law was not intended to compel a finding of compensability merely because the claimant died at work. *Austin* v. *Highway 15 Water Users Ass'n*, 30 Ark. App. 60, 782 S.W.2d 585 (1990). I think it is equally clear that the workers' compensation law does not mandate a finding of noncompensability merely because the claimant died at home. However, a comparison of the facts of the case at bar to those presented in *C.J. Horner Co.* v. *Stringfellow*, 286 Ark. 342, 691 S.W.2d 861 (1985), leads me to the conclusion that the Commission has in fact rejected the painstaking analysis required in heart attack cases and adopted in its stead a bright-line rule based on timing and geography.

In *Stringfellow, supra*, the Workers' Compensation Com-

mission found a causal relationship between the employment and the death of the decedent employee, an office clerk. Mr. Stringfellow, who smoked approximately two packages of cigarettes a day and participated in a musical combo which played at night at clubs and private parties, was employed in a position that involved long hours but no heavy physical activity. Mr. Stringfellow, who had appeared to be excessively tired in the months preceding his death, was sitting at his desk performing his job when he bent forward, laid his head down on the desk, and died of an acute myocardial infarction. Virtually the only evidence connecting Mr. Stringfellow's death to his employment was his physician's statement that job stress could very well have been a contributing factor. On cross-examination, the physician admitted that he had no personal knowledge that Mr. Stringfellow was under any unusual job stress just prior to his death and that he did not believe that the job caused Mr. Stringfellow's death, only that it may have been a contributing factor.

Although the Workers' Compensation Commission, in *Stringfellow*, emerged from the evidentiary vacuum in that case to conclude that Stringfellow's heart attack was work-related, the Commission in the case at bar ignored the testimony of twenty-one teachers and other witnesses who testified that anticipating and taking the teacher test was stressful for the deceased, who suffered his fatal heart attack the morning following the test.

I submit that the Commission's opinion displays no substantial basis for disbelieving this testimony and denying relief, and that it should therefore be reversed. *See Williams* v. *Arkansas Oak Flooring*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979). Any attempt to distinguish *Stringfellow* from the case at bar on the basis of cardiac risk factors is essentially meaningless: admittedly, the deceased in the case at bar was subject to several risk factors; however, Mr. Stringfellow was a fifty-two-year-old man who moonlighted by participating in a band which played nights, and who smoked two packs of cigarettes daily. As Justice Hickman noted in his dissent, there was no substantial evidence that Mr. Stringfellow's job caused his death. Instead, the Commission relied on Mr. Stringfellow's doctor's statement that Mr. Stringfellow may have been exposed to job pressure, which may have been a contributory factor to his heart attack. Because job stress need not be the sole cause of a heart attack, but need only

rise to the level of a contributing factor, *see Stringfellow, supra*; *see also Boyd* v. *General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987), I am at a loss to explain why the presence of cardiac risk factors in the case at bar negates the testimony of twenty-one witnesses to the effect that the teacher test was stressful to the deceased.

I submit that the discrepancy between the Commission's findings in *Stringfellow* and the Commission's findings in the case at bar can be explained only in terms of timing and geography: Mr. Stringfellow died at his desk during working hours; the deceased died in his recliner on his day off approximately eighteen hours after taking the teacher test. Mr. Stringfellow's death was compensable because the Arkansas Workers' Compensation Commission has improperly chosen to apply either the temporality rule as a rule of law, *see Mosley* v. *McGehee School District*, 30 Ark. App. 131, 783 S.W.2d 871 (1990), or a similar bright-line rule based on geography. For the same reason, the Commission here has held that Mr. Mosley's death was not compensable.

I dissent.