Eddie PATRICK *v.* ARKANSAS OAK FLOORING COMPANY

CA 91-423                                        833 S.W.2d 790

Court of Appeals of Arkansas
En Banc
Opinion delivered July 8, 1992

*Baim, Gunti, Mouser, DeSimone, & Robinson,* by: *William Kirby Mouser,* for appellant.

*Friday, Eldredge & Clark,* by: *James C. Baker, Jr.,* and *J. Michael Pickens,* for appellee.

JOHN E. JENNINGS, Judge. The claimant, Eddie Patrick, worked for Arkansas Oak Flooring Company as a ripsaw operator. On January 9, 1989, Patrick injured his shoulder. He was seen by Dr. Troy Oxner, an osteopathic physician. He was referred by Dr. Oxner to Dr. Bob Gullett and Dr. John Lytle, orthopedic surgeons. Neither could find an anatomical basis for the claimant's pain. He was apparently also seen by Dr. Brad Mosely. In an office note dated August 7, 1989, Dr. Gullett wrote:

> He relates that his shoulder hurts him. He can still move it well and there is no change really from what I have seen before. I have told him that I have done all that I am able to do to help him and perhaps he could visit back with his family doctor, Dr. Oxner, and perhaps referral to another orthopedic surgeon would be appropriate.

The claimant returned to Dr. Oxner and on August 8, 1989, Oxner wrote:

I feel as though I have nothing else to offer this patient. Patient has been told that we have been unable to find anything that would point to the cause of his pain. Have instructed patient that if there was another physician that he thought might be able to help I would be glad to refer him at that time.

On September 7, 1989, Dr. Oxner's nurse wrote in her office notes:

Patient comes in wanting appointment [with] Dr. Bishop as he feels his shoulder pain is due to a neurological problem. Dr. Oxner was consulted and it was agreed that we would set up appointment as requested.

Dr. Oxner also referred the claimant to Dr. Edward Weber, another orthopedic surgeon, at the claimant's request.

Dr. Bishop had a MRI performed and diagnosed Patrick's problem as impingement syndrome. Ultimately Dr. Weber recommended surgery, which has not yet been performed.

On these facts the Commission held that the employer was not responsible for the treatment by Drs. Bishop and Weber because their treatment was not a result of a "valid referral," but rather were "referrals based upon a request by the claimant." Whether the Commission's decision may stand is the only issue presented on appeal.

Arkansas Code Annotated section 11-9-514(a)(1) (1987) provides:

If the employee selects a physician, the commission shall not authorize a change of physician unless the employee first establishes to the satisfaction of the commission that there is a compelling reason or circumstance justifying a change.

The Commission's authority to characterize a change of physician as a referral has its origin in the Commission's own Rule 23 which authorizes the Commission to permit deviation from the Commission's rule when compliance is impossible or impractical. *See Mohawk Rubber Co.* v. *Buford,* 259 Ark 615, 535 S.W.2d 819 (1976); *Mad Butcher, Inc.* v. *Parker,* 4 Ark.

App. 124, 628 S.W.2d 582 (1982). We have held that whether treatment is a result of a "referral" rather than a "change of physician" is a factual determination to be made by the Commission. *TEC* v. *Underwood,* 33 Ark. App. 116, 802 S.W.2d 481 (1991). When the Commission's findings of fact are challenged on appeal, we affirm if they are supported by substantial evidence. *Hope Brick Works* v. *Welch,* 33 Ark. App. 103, 802 S.W.2d 476 (1991). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *College Club Dairy* v. *Carr,* 25 Ark. App. 215, 756 S.W.2d 128 (1988). We do not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Silvicraft, Inc.* v. *Lambert,* 10 Ark. App. 28, 661 S.W.2d 403 (1983). The Commission no longer has the discretion to retroactively approve a change of physicians. *Wright Contracting Co.* v. *Randall,* 12 Ark. App. 358, 676 S.W.2d 750 (1984).

■ It is true that in the case at bar, Dr. Gullett suggested the possibility that Dr. Oxner might refer the claimant to a third orthopedic surgeon. Nevertheless, it was apparently the claimant's own idea to obtain referral to a neurologist. We conclude that the Commission's determination that the treatment by Drs. Bishop and Weber was actually in the nature of a change of physicians is supported by substantial evidence.

*White* v. *Lair Oil Co.,* 20 Ark. App. 136, 725 S.W.2d 10 (1987), is distinguishable. In *White* "emergency treatment" was involved and we said "the change was not of appellant's seeking but was instead prompted by exigent circumstances. . . ." Appellant also relies on *Electro-Air* v. *Villines,* 16 Ark. App. 102, 697 S.W.2d 932 (1985), but in *Electro-Air* the referral was apparently a genuine one which merely coincided with the wishes of the claimant's attorney.

We hold that the Commission's decision is supported by substantial evidence.

Affirmed.

CRACRAFT, C.J., MAYFIELD, J., and COOPER, J., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I

disagree with the majority's conclusion that the claimant's treatment by Drs. Bishop and Weber constituted changes of physicians rather than referrals. In its opinion, the Commission states that the claimant's treatment by those doctors constituted changes of physicians because the claimant requested that he be referred to them. However, it is clear that a mere request for treatment by a particular physician is, in itself, insufficient to invalidate an otherwise valid referral. *See Electro-Air* v. *Villines*, 16 Ark. App. 102, 697 S.W.2d 932 (1985). Whether or not particular treatment constitutes a referral, as opposed to a change of physicians, is a question of fact for the Commission. *TEC* v. *Underwood*, 33 Ark. App. 116, 802 S.W.2d 481 (1991). We must affirm the Commission's decision if fair-minded persons could reach the conclusion arrived at by the Commission. *Tuberville* v. *International Paper Co.*, 28 Ark. App. 196, 771 S.W.2d 805 (1989).

The Commission relied on office notes in which Dr. Oxner's nurse stated that the claimant came in wanting an appointment with Dr. Bishop, and Dr. Oxner's statement in his deposition that he referred the claimant to Dr. Weber at the claimant's request. However, the Commission took Dr. Oxner's statement out of context, ignoring the rest of his statement in which he made it plain that he could not determine the origin of the claimant's pain, and that he referred the claimant to another physician because he felt that he had nothing else to offer him. I submit that, when Dr. Oxner's statement is read in context, fair-minded persons could not therefore conclude that the claimant was not referred by him to Dr. Bishop. *See Tuberville* v. *International Paper Co., supra.*

CRACRAFT, C.J., and MAYFIELD, J., join.