Booker T. CHAMBERS *v.* INTERNATIONAL PAPER
COMPANY

CA 96-409                                938 S.W.2d 861

Court of Appeals of Arkansas
Division IV
Opinion delivered February 19, 1997

*Edward O. Moody, P.A.*, for appellant.

*Bridges, Young, Matthews & Drake, PLC*, by: *Michael J. Dennis*, fpr appellee.

ANDREE LAYTON ROAF, Judge. Appellant Booker T. Chambers appeals from a ruling by the Workers' Compensation Commission that his asbestosis claim, filed more than three years after his retirement on permanent disability due to other causes,

was barred by the three-year statute of limitations applicable to asbestosis and silicosis claims. We affirm the Commission's ruling.

Chambers was employed by the appellee, International Paper Company ("IP"), for thirteen years. During this employment, he suffered from high blood pressure, a heart condition, arthritis, and diabetes. The record reflects that Chambers was or may have been exposed to asbestos during his employment with IP and that he was also a smoker. On May 16, 1990, Chambers became ill at work and was hospitalized with congestive heart failure. As a result, he never returned to work and ended his employment with IP in July 1990. Chambers applied for long-term disability benefits in January 1991 and was retired on permanent disability in July 1991.

The pertinent facts that gave rise to Chambers's workers' compensation claim for asbestosis are as follows. During his employment, certain pulmonary screening examinations were performed on Chambers by IP in 1985 and 1989. The 1985 examination indicated a finding of pleural abnormalities consistent with pneumoconiosis (lung disease caused by the inhalation of irritants), and diffuse pleural thickening. There is no evidence that the results of this medical exam were disclosed to Chambers at that time and he continued to work at IP. A second pulmonary-function examination was performed in March 1989 and indicated that Chambers's lung function was so low that he could not use a respirator except in emergency situations. The evidence reflects that the 1989 exam report was either picked up by Chambers or mailed to his personal physician, and that Chambers discussed this report with his physician.

In April 1991, after Chambers had applied for disability retirement, he was examined by a Little Rock physician, who noted "diffuse pulmonary infiltrates, [questionable] cause, with consideration to be asbestosis." Finally, Chambers consulted with another physician between February and August of 1993, and was diagnosed with moderate to severe restrictive lung disease caused by asbestos. Chambers last saw this physician in August 1993. After receiving the diagnosis of asbestosis, Chambers filed a

"notice of injury" on June 28, 1993, more than three years after he last worked at IP on May 16, 1990.

IP timely asserted the three-year statute of limitations for asbestosis claims as a defense; the administrative law judge ("ALJ") agreed that the three-year statute found in Ark. Code Ann. § 11-9-702(a)(2)(A) (Repl. 1996) barred Chambers's claim, but also found that Chambers had suffered an "occupational injury" in May 1990. Chambers appealed to the full Commission, which affirmed and adopted the decision of the ALJ.

On appeal, Chambers makes two arguments: 1) based on the facts of his case, the ruling of the Commission is contrary to the Arkansas workers' compensation law; and 2) the ruling of the Commission violates state and federal due process, equal protection, and the American with Disabilities Act of 1990.

### 1. Arkansas Workers' Compensation Laws

For his first point, Chambers argues that the statute of limitations in a latent disease case involving the exposure to asbestos begins to run from the date of an informed diagnosis of an asbestos-related disease, and the Commission's failure to apply this standard violates Arkansas law. The ALJ found that Chambers's claim for asbestosis was barred by the three-year statute of limitations found in Ark. Code Ann. § 11-9-702(a)(2)(A) (Repl. 1996), which states in pertinent part:

> [a] claim for compensation for disability on account of silicosis or asbestosis must be filed with the Commission within one (1) year after the time of disablement, *and* the disablement must occur within three (3) years from the date of the last injurious exposure to the hazard of silicosis or asbestosis.

(Emphasis provided.)

As Chambers last worked for IP on May 16, 1990, and his notice of injury was filed on June 28, 1993, his claim was clearly filed more than three years after the date of his last possible injurious exposure. Moreover, the ALJ found that Chambers suffered an "occupational injury" in May 1990, and Chambers retired on full permanent disability no later than July 1991; Chambers does

not assert that he suffered any disablement within the year prior to filing his asbestosis claim in 1993, and within three years of his last injurious exposure in May 1990, as required by the statute of limitations. Chambers instead argues that the Commission misapplied the three-year statute of limitations in his case because he should be excepted from the requirement that his claim be timely filed, pursuant to Ark. Code Ann. § 11-9-701 (Repl. 1996). Section 11-9-701, entitled "Notice of Injury or Death," provides in pertinent part:

> (a)(1) Unless an injury either renders the employee physically or mentally unable to do so, or is made known to the employer immediately after it occurs, the employee *shall report the injury to the employer.* . . .
>
> . . . . (b)(1) Failure to give the notice shall not bar any claim:
>
> (A) *If the employer had knowledge of the injury* or death;
>
> (B) *If the employee had no knowledge that the condition or disease arose out of and in the course of the employment;* or
>
> (C) If the commission excuses the failure on the grounds that for some satisfactory reason the notice could not be given.

(Emphasis provided.)

However, this statutory exception is inapplicable to Chambers's case for two reasons. The statute requires that an employee immediately give notice of an injury to the *employer* and the exception provided serves only to excuse the employee's failure to notify the employer of an injury. Chambers's case does not turn on the failure to notify IP of his injury but rather the failure to timely file his claim, and the statutory exception relied upon by Chambers thus has no direct application to the facts of his case. Although Chambers also relies upon *Gunn Distrib. Co. v. Talbert*, 230 Ark. 442, 323 S.W.2d 434 (1959), for the proposition that his failure to give timely notice of injury does not bar his claim because IP did not plead or prove prejudice, *Talbert* is also inapplicable to this case. Unlike IP, the employer in *Talbert* failed to timely raise the statute of limitations as a defense and had actual knowledge of the injury, a heart attack, because of a medical claim filed by Talbert. The court reasoned in *Talbert* that the employer and his insurer thus had not been prejudiced by the failure to give timely notice of the injury.

■ Chambers's argument that he is entitled to an exception lacks merit for a second reason — it is based on a faulty premise: that IP had certain knowledge of a compensable injury, or that Chambers had no knowledge that his condition arose out of and in the course of his employment. This contention is contrary to the findings of fact by the ALJ, who found that Chambers picked up a copy of his 1989 pulmonary-function test and that he accordingly had knowledge of his condition at least by 1989. Chambers also testified that he took the test report to his family physician and discussed with her the fact that he had pain in his chest. Consequently, Chambers's argument that, under the facts of his case, he should be excused from the requirement that he timely file his claim is without merit.

■ With regard to the finding by the Commission that Chambers's claim was barred by the statute of limitations, this court views the evidence and all reasonable inferences deducible therefrom in a light most favorable to the findings of the Commission and affirms that decision if it is supported by substantial evidence. *Arkansas Dep't of Health v. Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993). We will reverse the Commission's decisions only when convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Patrick v. Arkansas Oak Flooring Co.*, 39 Ark. App. 34, 833 S.W.2d 790 (1992). If reasonable minds could reach the Commission's conclusion, we must affirm the decision. *Arkansas Dep't of Health v. Williams, supra.*

■ Here, Chambers has not shown that the Commission's ruling was not supported by substantial evidence. It is obvious from the record that both IP and Chambers had the 1989 medical information prior to Chambers's May 16, 1990, heart problem which ended his employment. Subsequently, Chambers had several medical evaluations that further documented his condition. Consequently, the Commission's finding that Chambers knew or should have known of his condition is clearly supported by substantial evidence in the record and was correctly found to be the basis for applying the statute of limitations to his claim. Because it is uncontroverted that Chambers did not return to work after May 16, 1990, that day had to be his last possible injurious exposure to asbestos, and the three-year limitation logically began to run no

later than that date. It is also uncontroverted that Chambers did not file his claim until June 28, 1993, nearly six weeks after the three-year statute of limitations had expired.

■ Finally, Chambers contends that Ark. Code Ann. § 11-9-529 (Repl. 1996), which requires employers to file a report within 10 days of receipt of notice or of knowledge of injury to the Workers' Compensation Commission, was violated by IP in this case, and as a result, the Commission's decision was erroneous as a matter of law. Chambers cites no authority for this contention, and although he fails to explain how this alleged violation is applicable in his case, this argument apparently has reference to IP's knowledge of the 1985 and 1989 examination results. However, the law in Arkansas is well settled that an employer's knowledge that certain facts may exist that might or might not result in a claim does not require the employer to recognize a claim before it is filed with the Commission. *See Garrett v. Sears*, 43 Ark. App. 37, 858 S.W.2d 146 (1993). We thus hold that the Commission's decision is supported by substantial evidence.

## 2. Constitutional Claims

Chambers also argues that the ruling of the Arkansas Workers' Compensation Commission violates state and federal due process, equal protection, and the Americans with Disabilities Act of 1990.

■ We do not reach these points because Chambers has failed to include any portion of the arguments made on these issues before the Commission or any portion of the Commission's order dealing with these issues. In fact, there is no indication in Chambers's abstract that these issues were even raised to the Commission, and we will not go to the record to determine whether reversible error occurred. *See Death & Perm. Total Disab. Fund v. Whirlpool*, 39 Ark. App. 62, 837 S.W.2d 293 (1992).

Affirmed.

ROBBINS, C.J., and NEAL, J., agree.