

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–231

|  |  |
|---|---|
| ARKANSAS STATE BOARD OF CHIROPRACTIC EXAMINERS<br>APPELLANT<br><br>V.<br><br>KEITH CURRIE, D.C. and NATALIE CURRIE, D.C.<br>APPELLEES | **Opinion Delivered** October 30, 2013<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. CV-11-207]<br><br>HONORABLE RHONDA K. WOOD, JUDGE<br><br>CIRCUIT COURT REVERSED; REMANDED FOR FURTHER PROCEEDINGS |

## BRANDON J. HARRISON, Judge

The Arkansas State Board of Chiropractic Examiners appeals a Faulkner County Circuit Court order that: (1) reversed the Board's decision that fined chiropractors Keith and Natalie Currie $24,000 and placed them on probation for committing eight "unprofessional conduct" violations, and (2) dismissed the administrative proceeding against the Curries. We reverse the circuit court's order and remand the case to the Board for further proceedings.

Keith and Natalie Currie are married, and each one is a licensed chiropractor. In 2003 they bought a chiropractic clinic in Fairfield Bay, Arkansas. Three years later they opened another clinic in Clinton, Arkansas. In 2007 the Curries closed the Fairfield Bay and Clinton clinics and started Arkansas Spinal Care, in Conway, Arkansas. The Spinal Care operation was started for the purpose of using a new machine, the DRX 9000, which the Curries had recently bought. They also began using the Lite Cure laser. These



machines were apparently quite popular, and the Curries soon expanded the Spinal Care clinic.

With the Curries' success, however, came patient complaints. From August 2009 through February 2010, the Arkansas State Board of Chiropractic Examiners received complaints about the Curries and Arkansas Spinal Care's operation. In October 2010 the Board found that probable cause existed to conduct a hearing to determine whether the Curries had violated the Arkansas Chiropractic Practices Act and regulations known officially as the Board of Chiropractic Examiners Regulations—Professional Conduct. Ark. Admin. Code 029.00.2-C.

In line with the probable-cause finding, the Board held three hearings from December 2010 to January 2011 that yielded a large amount of testimony. Six Arkansas Spinal Care patients testified about poor patient care and the clinic's high prices. The clinic's advertising practices were questioned too. In February 2011 the Board issued a written order that made findings against the Curries on four of the six patient complaints. The Board concluded that Keith and Natalie Currie "are found to be guilty of six violations of Board Regulation (C)(2)(b) and two violations of Board Regulation (C)(2)(n) for a total of eight violations." It then fined the Curries, jointly, $3,000 per violation, for a total of $24,000, and placed them on two years' probation. The Curries appealed the Board's decision to circuit court, which reversed the Board's decision and dismissed the case. The Board appealed the circuit court's dismissal to this court, asking that we affirm the Board's initial decision.



The Arkansas Administrative Procedure Act governs our review. Ark. Code Ann. § 25-15-212 (Repl. 2009). We review the Board's decision, not the circuit court's order. *Teston v. Ark. State Bd. of Chiro. Exam'rs*, 361 Ark. 300, 304–05, 206 S.W.3d 796, 799–800 (2005). The Board's decision will be upheld if substantial evidence supports it, and the Curries have the burden to establish that the Board's decision was not based on substantial evidence. *Id.* Substantial evidence is that which a reasonable mind might accept to support a conclusion and force it to pass beyond speculation and conjecture. *Id.* The question for us is not whether the testimony would have supported findings contrary to the ones the Board made, but whether the Board's findings and final decision are sufficiently supported by the record. *Id.* The Board may believe or disbelieve any witness, and it weighs the evidence. *Id.*

The Curries' main argument here is that a dismissal is required when an agency makes inadequate findings. The fatal inadequacy, according to the Curries, is that the Board's final order does not connect the testimony with the stated regulatory violations. They also argue that the Board never stated the chiropractic standard of care and thus how a chiropractor in the Curries' professional situation should have acted, but did not. Specifically, the Curries here point out that the Board never identified which doctor was the treating doctor of each complaining patient. In its final order the Board attributed all eight violations to only two of the four doctors who worked, at one time or another, at Arkansas Spinal Care. Yet there were no findings of fact, say the Curries, on which doctor was responsible for each patient's care, who should have been administratively responsive to patients' requests for records and documents, or who was charged to



supervise support staff and failed to do so. They cite *Arkansas Appraiser Licensing and Certification Bd. v. Quast*, 2010 Ark. App. 511 to support their position.

The Board argues that its final order is sufficient under the Administrative Procedure Act because it gives "a simple, straightforward statement of what happened." *See Nesterenko v. Ark. Bd. of Chiro. Exam'rs*, 76 Ark. App. 561, 566, 69 S.W.3d 459, 461 (2002). Holding the Curries jointly responsible for the conduct of the clinic that they operated together, in the Board's view, is the Board interpreting its own regulations and applying them to the nine-volume record that was generated during the agency proceeding. The Board also says that we should uphold its interpretation of its own regulations and that substantial evidence supports its findings against the Curries. Finally, the Board argues that if its findings were inadequate, the best remedy is to remand, not dismiss, the case. *Mosley v. McGehee Sch. Dist.*, 30 Ark. App. 131, 135, 783 S.W.2d 871, 873 (1990).

The Administrative Procedure Act requires that an administrative adjudication be accompanied by statement of facts and conclusions of law. Ark. Code Ann. § 25-15-210(b) (Repl. 2009). The statement of facts—defined as a concise and explicit statement of the underlying facts supporting the decision—"must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the [agency] has resolved those issues in conformity with the law." *Nesterenko*, 76 Ark. App. at 566, 69 S.W.3d at 461. Generally, we review an administrative-agency case by examining the entire record to determine whether substantial evidence supports the agency's decision. *Culpepper v. Ark. Bd. of Chiro. Exam'rs*, 343 Ark. 467, 471, 36 S.W.3d

335, 338 (2001). But without the required factual findings, we are left with a difficult, if not impossible, task in determining whether the administrative decision was correct. *Voltage Vehicles v. Ark. Motor Vehicle Comm'n*, 2012 Ark. 386, at 5. This court may not supply findings by weighing the evidence; that function lies with the administrative agency. *Nesterenko*, 76 Ark. App. at 567, 69 S.W.3d at 461. We can, however, send a case back to the agency for additional findings if the agency's current recitation precludes, or significantly hinders, our effort to determine whether substantial evidence supports the agency decision. *Mosley v. McGehee Sch. Dist.*, 30 Ark. App. 131, 135, 783 S.W.2d 871, 873 (1990).

We agree with the Curries that the Board was not specific enough in its final order given the many issues in play and the voluminous agency record. For example, the Board did not explain why it held Keith and Natalie Currie jointly liable for all violations. There was no finding on who owned the clinic or what the Board's basis was for holding the Curries jointly responsible for what happened at the clinic. And though there was testimony at the hearing that Keith, Natalie, and two other doctors—Treadway and Burris—were each responsible, at one time or another, for the four patients whose treatment at Spinal Care led to the violations, the Board did not state which doctor was or was not responsible for each violation and why. Our agreement with the Curries does not, however, extend to how this appeal should be decided.

We choose to remand rather than dismiss. We acknowledge the Curries' reliance on *Quast*, which does state: "[B]ecause the Board's conclusions of law are without adequate corresponding factual support, they lack substantial evidence and are arbitrary

and capricious." *Ark. Appraiser Licensing and Certification Bd. v. Quast*, 2010 Ark. App. 511, at 7. But that case does not require a dismissal here. First, the statute expressly permits us to remand for further proceedings. Ark. Code Ann. § 25-15-212(h) (Repl. 2009). Second, each agency case, especially if totally different professional practice areas are at issue, is best decided on the particular record and order being reviewed. Here, given the record before us, the Board's initial effort—which does provide some pertinent factual detail on why certain violations were committed—the Board's request for a remand rather than dismissal, and that the Curries do not argue on appeal that substantial evidence of the stated violations does not exist in the record, we believe sending this case back to the Board is the best course. So we remand this case to the Board and direct it to further explain its decision.

Circuit court reversed; remanded for further proceedings.

GRUBER and WHITEAKER, JJ., agree.

*Dustin McDaniel*, Att'y Gen., by: *Mark N. Ohrenberger*, Ass't Att'y Gen., for appellant.

*Reece Moore Pendergraft, LLP*, by: *Timothy C. Hutchinson*; and
*Michael Lamoureux, P.A.*, by: *Michael Lamoureux*, for appellees.